


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AV POLO RUN STEELPECHASE, §
§
v. § CIVIL ACTION 4:15-CV-795-A
§
MICHIAL PATRICK §

ORDER AND NOTICE OF DEFICIENCY

Upon review of the papers and pleadings filed in the above styled and numbered cause removed from the Justice of the Peace Court (Case No. JP08-15-E00083492) related to any motion/ application to proceed in forma pauperis, the following deficiencies appear:

**(X)** The removing party has not paid a filing and administrative fee or filed a properly completed long-form application to proceed in forma pauperis. Although a long-form IFP application was filed, the signature is illegible, and the bulk of the questions are not answered. *See* Doc. 3. In order for the Court to make the determination regarding any pauper application, the removing party must provide complete answers to all of the questions in the long-form in-forma-pauperis application.[1]

**The Clerk of the Court shall take the following indicated action:**

---

[1]In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon,* 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .")

( **X** ) A long form application to proceed in forma pauperis shall be mailed to the removing party along with a copy of this Order.

It is hereby **ORDERED** that the removing party shall either pay the total filing and administrative fees of $400.00,[2] or the removing party shall fully complete and return an application to proceed in forma pauperis within 14 days of the date of this Order. **Failure to timely submit the fees or the application in support of request to proceed in forma pauperis within 14 days could result in the dismissal of this case without further notice.** See Fed. R. Civ. P. 41(b).[3]

SIGNED October 23, 2015.

JOHN McBRYDE
United States District Judge

---

[2]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee of $50.00 for filing a civil action in district court. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in a total fee of $400 for a civil action.

[3]*See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).